```
Priority  ✓
Send      ✓
Enter     —
Closed    —
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only —
```

FILED
CLERK, U.S. DISTRICT COURT

JAN 16 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| LASHONA HAYDEN,<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Comm.,<br>Social Security Administration,<br><br>   Defendant, | ) CV 06-2588-JSL (SH)1<br>)<br>) ORDER ADOPTING REPORT<br>) AND RECOMMENDATION OF<br>) UNITED STATES MAGISTRATE<br>) JUDGE<br>)<br>)<br>)<br>)<br>) |

  Pursuant to 28 U.S.C. §636(b)(1)(B), the Court has reviewed the pleadings and other papers herein along with the attached Report and Recommendation of United States Magistrate Judge, and has made a <u>de novo</u> determination of the Report and Recommendation.

  IT IS ORDERED that (1) the Report and Recommendation is approved and adopted as the Fact and Conclusions of Law herein; (2) directing that plaintiff's Motion for Summary Judgment be granted and that defendant's Cross-Motion for

Summary Judgment be denied; and (3) directing that the decision of the Commissioner be reversed and that the matter be remanded for further proceedings consistent with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment by United States mail on the plaintiff and on the United States Attorney for the Central District of California.

DATED: Jan. 16, 2008

*Spencer Letts*

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE

FILED
CLERK, U.S. DISTRICT COURT
DEC 18 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| LASHONA HAYDEN, | No. CV 06-2588 JSL (SH) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This Report and Recommendation is submitted to the Honorable J. Spencer Letts, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 01-13 of the United States District Court for the Central District of California.

I. PROCEEDINGS

Plaintiff, in pro per, filed a Complaint on May 5, 2006, seeking review of the decision of the Commissioner of the Social Security Administration denying Disability Insurance Benefits ("DIB"). On February 27, 2007, defendant filed an

1  Answer to the Complaint, along with the Administrative Record ("AR"). On
2  October 15, 2007, plaintiff filed a Motion for Summary Judgment. Defendant
3  filed a Cross-Motion for Summary Judgment on November 13, 2007. Plaintiff did
4  not file a Reply to defendant's Cross-Motion. The matter has been taken under
5  submission.

## II. BACKGROUND

7  Plaintiff filed an application for DIB on April 16, 2003, alleging an inability
8  to work due to depression, anxiety, panic attacks, shortness of breath, difficulty
9  sleeping, and pain in her back, chest, arms, and legs. (AR 66, 72). The
10 application was denied by the Social Security Administration and a request for a
11 hearing was timely filed. (AR 36, 41). On November 7, 2003, plaintiff appeared
12 and testified before Administrative Law Judge ("ALJ") Richard L. Leopold. (AR
13 319).

14 Following the hearing, plaintiff's claim was denied yet again on August 27,
15 2004. (AR 274). Plaintiff then sought review to the Appeals Council. (AR 60).
16 In an Order dated January 14, 2005, the Appeals Council remanded the matter for
17 further proceedings. (AR 62).

18 ALJ Leopold issued a second unfavorable decision on August 8, 2005. (AR
19 15). The ALJ determined that plaintiff had the residual functional capacity to
20 perform light exertional work with frequent climbing, balancing, stooping,
21 kneeling, crouching, and crawling. (AR 25). The ALJ further found that plaintiff
22 had "mild" limitations in her ability to maintain attention and concentration and in
23 her ability to understand and remember instructions. (AR 25). The ALJ
24 concluded that plaintiff had the residual functional capacity to perform her past
25 relevant work, and that she was not under a disability. (AR 25). Plaintiff again
26 sought review to the Appeals Council, which declined to review on March 9,
27 2006. (AR 6, 13).

28 Following the ALJ's second determination, plaintiff, in pro per, filed a

2

complaint in this Court, which challenges the ALJ's determination. Plaintiff alleges that the ALJ erred (1) by improperly considering the opinion of plaintiff's treating physicians; (2) by improperly evaluating plaintiff's mental impairment; (3) by improperly evaluating the combined effect of all of plaintiff's impairments; and (4) by improperly evaluating plaintiff's credibility.

For the reasons discussed below, the Court finds that plaintiff's fourth claim of error has merit. Because the matter is reversed and remanded for further proceedings based on plaintiff's fourth claim of error, the Court need not address plaintiff's other claims of error.

### III. DISCUSSION

Under 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla", Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a preponderance." Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). This court cannot disturb the Commissioner's findings if those findings are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

At the November 7, 2003 hearing, plaintiff testified that she was unable to work because she suffers from "sharp stabbing" chest pain and pain in her right arm, left leg, and upper back. (AR 328). She noted that the pain in her upper back radiates up her neck to the back of her head and into her left eye. (AR 328). Plaintiff also asserted that she has panic attacks three to five times a week. (AR 329). When questioned about her functional limitations, plaintiff stated that, on bad days, she can walk less than a block, continuously sit and stand for thirty

3

minutes, and lift and carry five pounds. (AR 326-27). She indicated that these "bad days" are the norm, and that she has only five to seven "good days" during a typical thirty-day period. (AR 327).

In this case, the ALJ failed to properly evaluated plaintiff's subjective complaints. Specifically, the ALJ failed to provide legally sufficient reasons for discounting plaintiff's credibility.

Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, specific medical findings are not required to support their alleged severity. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); see also Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or diagnostic evidence to support the severity of [her] pain, a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of [her] pain.") (internal citation omitted); Byrnes v. Shalala, 60 F.3d 639, 641-42 (9th Cir.1995) (applying Bunnell to subjective physical complaints).

Unless the evidence suggests affirmatively that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's excess pain or symptom testimony. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). "General findings are insufficient." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must state which testimony is not credible and identify the evidence that undermines the plaintiff's complaints. Id.; Benton v. Barnhart, 331 F.3d 1030, 1041 (9th Cir. 2003). If properly supported, the ALJ's credibility determination is entitled to "great deference." Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

Here, the ALJ determined that plaintiff suffers from diffuse body pain, a depressive disorder, not otherwise specified, and a panic/anxiety disorder. (AR 25). These impairments may reasonably be expected to produce the types of symptoms that plaintiff alleged. Furthermore, there was no evidence of

1  malingering. Thus, the ALJ was required to provide clear and convincing reasons
2  for rejecting plaintiff's symptom testimony. See Dodrill, 12 F.3d at 918.
3      In discounting plaintiff's credibility, the ALJ found only that plaintiff had
4  received minimal treatment for her allegedly debilitating mental health condition.
5  (AR 24). The ALJ found that if plaintiff's mental health condition had truly been
6  severe, she would have received treatment on a consistent basis. (AR 24).
7  However, as the Ninth Circuit observed in Nguyen v. Chater, 100 F.3d 1462, 1465
8  (9th Cir. 1996), those afflicted with depression "often do not realize that their
9  condition reflects a potentially serious mental illness." "As the Sixth Circuit has
10 noted in finding invalid an ALJ's reasons for rejecting claimant's assertions about
11 his depression, '[a]ppellant may have failed to seek psychiatric treatment for his
12 mental condition, but it is a questionable practice to chastise one with a mental
13 impairment for the exercise of poor judgment in seeking rehabilitation." Id.
14 (quoting Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989)).
15 Accordingly, the ALJ's citation to plaintiff's failure to seek consistent treatment
16 for her depression and panic/anxiety disorder is not a legally sufficient reason for
17 rejection.
18     The ALJ also disregarded plaintiff's subjective complaints regarding the
19 severity of her mental limitations because they were inconsistent with the
20 assessments of the medical examiners and consultants. (AR 23). Similarly, the
21 ALJ found that plaintiff's subjective allegations concerning her physical
22 limitations were inconsistent with the opinions of the medical examiners and
23 consultants, and the opinions of plaintiff's treating physicians. (AR 24).
24     In essence, the ALJ discredited plaintiff's testimony only because her
25 subjective symptoms were not supported by objective evidence. This violates the
26 well-established rule that a claimant's allegations of subjective symptoms cannot
27 be discredited merely because they are not corroborated by objective evidence.
28 See Bunnell, 947 F.2d at 345; see also Light, 119 F.3d at 792; Byrnes, 60 F.3d at

1  641-42. The absence of objective medical findings to support the degree of the
2  alleged symptoms cannot be the sole reason to reject subjective complaints,
3  although it has been recognized as one valid factor. See <u>Wainwright v. Secretary</u>
4  <u>of Health & Human Servs.</u>, 939 F.2d 680, 682 (9th Cir. 1991). However, the ALJ
5  here failed to provide any other legitimate reason for discounting plaintiff's
6  credibility.
7      Accordingly, the basis upon the ALJ's discrediting of plaintiff's subjective
8  allegations was not clear and convincing and was not supported by substantial
9  evidence. This constitutes reversible error.

## IV. <u>RECOMMENDATION</u>

11     For the reasons discussed above, it is recommended that the court issue an
12  Order: (1) approving and accepting this Report and Recommendation; (2)
13  directing that plaintiff's Motion for Summary Judgment be granted and that
14  defendant's Cross-Motion for Summary Judgment be denied; and (3) directing that
15  the decision of the Commissioner be reversed and that the matter be remanded for
16  further proceedings consistent with this decision, pursuant to Sentence 4 of 42
17  U.S.C. § 405(g).
18  Date: <u>December 18, 2007</u>

20  _____/s/_____
21      STEPHEN J. HILLMAN
22  UNITED STATES MAGISTRATE JUDGE